LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 North Central Avenue, Suite 1600
PHOENIX, ARIZONA 85004
(602) 271-7700
BH@BOWWLAW.COM
BRIAN HOLOHAN (009124)
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MEYERS LAW, PLLC, an Arizona professional limited liability company<br><br>Plaintiff,<br><br>v.<br><br>TALI ARIK,<br><br>Defendant | NO. _____<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

### THE PARTIES

1.  Plaintiff Meyers Law PLLC (hereafter "Plaintiff") is an Arizona professional limited liability company having its principal place of business in Phoenix, Arizona. Plaintiff is a law firm.

2.  Defendant Tali Arik is a Nevada resident.

3.  The matter in controversy exceeds $75,000.00. The Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4.  Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) because this district is the judicial district in which a substantial part of the events or omissions giving rise to the claims are based occurred.

. . .

5.     Defendant Arik has sufficient minimum contacts with Arizona for the exercise of personal jurisdiction over him. Specifically Defendant Arik contacted Plaintiff's principal, Howard Meyers, while Mr. Meyers was in Arizona to secure legal representation. The fee agreement was entered into in Arizona. Defendant Arik traveled to Arizona to meet with Mr. Meyers. Defendant Arik agreed to, and did, make payments to the Arizona law firms with whom Mr. Meyers was affiliated. After Mr. Meyers left his former firm, and formed Plaintiff law firm, Defendant Arik contracted with Plaintiff, an Arizona entity, for continued representation. All of the legal worked performed by Mr. Meyers (both at his prior and current firm) was performed in Arizona. Mr. Meyers never appeared in the District Court in which the *qui tam* action was filed (which was a District other than Arizona).

**COUNT ONE**
(breach of contract)

6.   In January of 2014 Defendant Arik entered into a Law Firm Retention Agreement with Ridenour, Hienton & Lewis, PLLC, the law firm with whom Mr. Meyers was then affiliated, for representation in a *qui tam* lawsuit. Exhibit A to Exhibit 1 attached hereto is a genuine copy of the executed Law Firm Retention Agreement. Because the record of the *qui tam* action is sealed by court order, the reference to the *qui tam* defendant is redacted.

7.   Thereafter, by written agreement dated November 16, 2014, Defendant Arik engaged Plaintiff to take over his representation from and after December 1, 2014. Exhibit 1 is a genuine copy of the executed Retainer Agreement.

8.   The Retainer Agreement entitles Plaintiff to "40% of the gross recovery."

9.   Defendant Arik's *qui tam* action was settled. The federal government awarded Defendant Arik a portion of the recovery as Relator.

10. After the settlement, Plaintiff filed an action for attorneys' fees and cost on Defendant Arik's behalf pursuant to 31 U.S.C. §3730(d)(1).

11. While the fee application was pending, Defendant Arik and the *qui tam* defendant entered into a separate settlement of the attorneys' fees and costs claim. The terms of that settlement are confidential. Nevertheless, Defendant Arik received monies under the attorneys' fees and costs settlement which constitute a "gross recovery." Plaintiff is entitled to be paid 40% of the amount of the attorneys' fees and costs settlement, a number which will be proved at trial but which exceeds $75,000.

12. Defendant Arik has breached the Retention Agreement by refusing to pay Plaintiff the monies owed to it by virtue of the attorneys' fees and costs settlement.

13. This is a contested action arising out of contract entitling Plaintiff to award of attorneys' fees pursuant to A.R.S. §12-341.01(A).

**COUNT TWO**
(unjust enrichment)

14. Plaintiff re-alleges ¶¶1-5.

15. While documentation of the attorneys' fees and costs settlement described in ¶11 was ongoing, Defendant Arik disclaimed the Retention Agreement, claiming it was somehow void or otherwise unenforceable.

16. If the Retention Agreement is void or otherwise unenforceable, then Defendant Arik would be unjustly enriched by retaining the entirety of the attorneys' fees and costs settlement, a significant portion of which constitutes attorneys' fees which Defendant Arik is precluded as a layperson from receiving as a matter of law.

17. Plaintiff is entitled to an award of attorneys' fees valued on the basis of *quantum meruit*.

**DEMAND FOR JURY TRIAL**

18. Plaintiff demands a trial by jury pursuant to Rule 38(b)(1).

**WHEREFORE**, Plaintiff prays judgment against Defendant Arik as follows:

A.     On Count One, for judgment in the amount of 40% of the amount paid to Defendant Arik under the settlement agreement (which number will be proved with

reasonable certainty but which exceeds $75,000), its taxable costs and attorneys' fees, together with prejudgment interest at the rate of 10% per annum pursuant to A.R.S. § 44-1201(A) from the date of the commencement of this action to the date of judgment;

  B. In the alternative, on Count II for judgment in the amount of a reasonable fee as measured by *quantum meruit* and its taxable costs;

  C. For the Plaintiff's reasonable attorneys' fees and non-taxable costs incurred herein pursuant to A.R.S. § 12-341.01;

  D. For post-judgment interest at the judgement on all sums awarded to the Plaintiff in the judgment from the date of judgment until paid at the rate specified by 28 U.S.C. § 1961; and

  E. For such other and further relief as the Court deems just and proper.

  DATED this 23rd day of September, 2019.

BROENING, OBERG, WOODS & WILSON, P.C.

By /s/ *Brian Holohan*
Brian Holohan
Attorneys for Plaintiff

4