**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meyers Law PLLC, | No. CV-19-05241-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Tali Arik, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 19.) After considering the pleadings, the Court grants the Motion to Dismiss and dismisses the action without prejudice for the reasons explained below.

**I.     BACKGROUND**

Plaintiff, Myers Law, PLLC ("Myers Law"), is an Arizona professional limited liability company with its principal place of business in Phoenix, Arizona. (Doc. 14 ¶ 1.) Defendant, Tali Arik ("Dr. Arik"), is a Nevada resident. (*Id.* ¶ 2.)

Myers Law brings this action under Arizona's Revised Uniform Arbitration Act ("ARUAA") to compel arbitration pursuant to an alleged agreement between Myers Law and Dr. Arik which arose out of a *qui tam* action in the United States District Court for the District of Nevada. (*Id.*) The Fees and Costs Division Agreement with Client Consent (the "Revised Fee Agreement"), which the parties are alleged to have entered, contains an arbitration provision pursuant to the ARUAA. (*Id.* ¶ 12.)

1 Dr. Arik allegedly travelled to Arizona and retained Mr. Myers in January of 2014, while Mr. Myers was an attorney for the law firm of Ridenour, Hienton & Lewis, PLLC. (*Id.* ¶¶ 5-6.) Dr. Arik retained Mr. Myers services to represent him in a *qui tam* action pursuant to the False Claims Act, which was brought in the United States District Court for the District of Nevada. (*Id.* ¶ 6.) The *qui tam* action was settled, and Dr. Arik was awarded a portion of the recovery as a Relator. (*Id.* ¶ 20.) After the settlement, Myers Law, on Dr. Arik's behalf, filed an action for attorney's fees and costs pursuant to 31 U.S.C. § 330(d)(1) in the United States District Court for the District of Nevada. (*Id.* ¶ 10.) While the fee application was pending with the court in the United States District Court for the District of Nevada, Myers Law, Dr. Arik, and Ridenour Hienton allegedly executed the Revised Fee Agreement, which contains an arbitration provision in ¶ 6. (*Id.* ¶¶ 11-12, Ex. 2.) Dr. Arik admits in his Motion to Dismiss that he recalls signing the Revised Fee Agreement on or about June 24, 2019, but later contends that he never actually signed it. (Doc. 19 at 6, 11.) Dr. Arik then entered a settlement in the action for attorney's fees and costs against the *qui tam* defendant and was paid an undisclosed amount of money as a result of the settlement. (Doc. 14 ¶ 13.) Myers Law claims that it is entitled to a portion of that settlement under the Revised Fee Agreement. (*Id.*) Therefore, Myers Law moves this Court to compel arbitration pursuant to the Revised Fee Agreement. (*Id.* at 4.)

**A. District of Arizona Case**

Myers Law filed the Complaint in this action on September 23, 2019, bringing claims for breach of contract and unjust enrichment against Dr. Arik. (Doc. 1.) Myers Law filed an Amended Complaint on November 6, 2019. (Doc. 14.) The Amended Complaint dropped the claims for breach of contract and unjust enrichment and contains a single cause of action under the ARUAA pursuant to A.R.S. § 12-3007. (*Id.* at 1.) Thereafter, on November 20, 2019, Dr. Arik filed a Motion to Dismiss the Amended Complaint. (Doc. 19.) On December 4, 2019, Myers Law filed a Response in Opposition to the Motion to Dismiss. (Doc. 21.) On December 11, 2019, Dr. Arik filed a Reply in Support of the Motion to Dismiss. (Doc. 22.)

B. **District of Nevada Case**

On October 29, 2019, Dr. Arik, through his counsel, filed a complaint in U.S. District Court for the District of Nevada against Myers Law, Mr. Myers, James Hienton, and Ridenhour Hienton, PLLC, regarding the defendants conduct in connection with the Revised Fee Agreement, the *qui tam* attorneys' fees action, and the subsequent settlement of that action. *See* 2:19-cv-01908-JAD-NJK (Doc. 1) (D. Nev. 2019). The complaint contains seven causes of action, including claims for declaratory judgment, breach of fiduciary duty, breach of contract/breach of covenant of faith and fair dealing, fraud, civil conspiracy, intentional infliction of emotional distress, and attorneys' fees/special damages. *Id.* On December 30, 2019, Myers Law and Mr. Myers filed a "Motion to Compel Arbitration," which asked the judge assigned to the case—Judge Dorsey—to compel the arbitration provision found in the Revised Fee Agreement. *Id.* (Doc. 14.) Dr. Arik filed a response to that motion on January 17, 2020. *Id.* (Doc. 21.) Myers Law and Mr. Myers filed a Reply on January 30, 2020. *Id.* (Doc. 37.) On July 24, 2020, Judge Dorsey issued an order that included a denial of the Motion to Compel Arbitration filed by Myers Law and Mr. Myers. *Id.* (Doc. 54.) Specifically, Judge Dorsey ruled, "Because Myers fails to show any evidence—much less a preponderance of the evidence—that a valid agreement to arbitrate exists, I deny his motion to compel arbitration." *Id.* (Doc. 54 at 12.)

II. **JURISDICTION AND VENUE**

A. **Jurisdiction**

Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. The amount at stake in the underlying litigation is the amount in controversy for the purposes of diversity jurisdiction when evaluating a petition to compel arbitration. *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1090 (N.D. Cal. 2015); *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

Here, diversity jurisdiction is met. Myers Law is an Arizona LLC and Dr. Arik is a Nevada resident. Further, the Amended Complaint alleges that the amount in controversy

1  in the underlying dispute is more than $75,000. Therefore, the diversity jurisdiction exists
2  for the Court to hear this dispute.

### B. Venue

When a party challenges venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, "'the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings.'" *Prawoto v. PrimeLending*, 720 F.Supp.2d 1149, 1151 (C.D. Cal. 2010) (citing *Murphy v. Schneider Nat'l, Inc.*, 349 F.3d 1224, 1229, 1137 (9th Cir. 2003)).

Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is subject to the dispute is situated. 28 U.S.C. § 1391(b)(2). "Once a defendant has challenged venue, the plaintiff has the burden of demonstrating that venue is proper in the chosen district." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F.Supp.3d 733, 751 (N.D. Cal. 2015) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). If the Court determines venue is improper, the Court must dismiss the action or transfer it to a district or division where it could have been brought. *Id.* (citing 28 U.S.C. § 1406(a)). "A plaintiff's choice of venue is generally given substantial weight and a defendant normally 'must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "However, 'where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum.'" *Id.* (citing *Cohen v. State Farm & Cas. Co.*, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009)).

Here, the District of Arizona lacks significant contact with the activities alleged in the Complaint, and a substantial portion of the events that gave rise to this action occurred in the District of Nevada. Although Myers Law alleges that Dr. Arik travelled to Arizona to secure representation initially in January 2014, that trip has little to do with the events

that gave rise to this action. Myers Law brought this action to compel arbitration of the Revised Fee Agreement. The Revised Fee Agreement was apparently signed by email by Dr. Arik. The underlying *qui tam* litigation, the action for attorneys' fees and costs after the *qui tam* action, and the settlement for the attorneys' fees and costs action that gave rise to the fee dispute took place in the District of Nevada. Further, the Defendant, Dr. Arik is a resident of Nevada, and the money he received from the settlement was awarded in Nevada. As Dr. Arik's Motion to Dismiss claims, the money is still in Nevada with Dr. Arik. Therefore, besides the fact that Myers Law is an Arizona LLC, it appears that the District of Arizona lacks any significant contact with the activities alleged in the Amended Complaint. Instead, it appears that a substantial amount of the events giving rise to the action occurred in the District of Nevada. The Court will dismiss this action so that Myers Law can bring its claims in the District of Nevada where the parties have apparently already litigated a motion to compel arbitration brought by Mr. Myers and Myers Law.[1]

### III.   CONCLUSION[2]

For the reasons discussed above,

**IT IS ORDERED** granting Defendants Motion to Dismiss without prejudice because the proper venue for this action is the United State District Court for the District of Nevada.

Dated this 8th day of September, 2020.

Honorable Susan M. Brnovich
United States District Judge

---

[1] The Court notes that here, it appears that Myers Law improperly attempted to compel arbitration through a complaint. However, the ARUAA is clear that the proper procedure to compel arbitration is by a motion to compel arbitration. *See* A.R.S. § 12-3005(B).

[2] Because the Court finds that the proper venue for this case is the District of Nevada, it declines to address the other arguments made in Dr. Arik's Motion to Dismiss.

- 5 -